# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID RISBON, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-15-0121<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

On January 30, 2015, I held a hearing on Plaintiff Richard Harris' request for a Preliminary Injunction pursuant to Fed. R. Civ. P. 65. Plaintiff requests an injunction enjoining officials at the prison where he is incarcerated from taking adverse actions against him for refusing to participate in a "Therapeutic Community" drug and alcohol counseling program, which he alleges has a religious component. Plaintiff is an atheist, and asserts that coercing him to attend this counseling or face adverse effects violates his constitutional right to religious freedom, as protected by the Establishment Clause of the First Amendment. The state maintains that the counseling program is not religious and Plaintiff was not required to attend. Because Plaintiff Harris is likely to succeed on the merits, irreparable harm will result if the relief is not granted, there will be no great harm to Defendants if the relief is granted, and it is in the public interest to grant this relief, the Preliminary Injunction will be *granted*.

## I. Standard of Review

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). The decision whether to grant a preliminary injunction is left to the sound discretion of the Court. *See Am. Exp. Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).

In determining whether to grant a motion seeking preliminary injunctive relief, a court must consider four factors: (1) the likelihood of success on the merits; (2) any irreparable

harm to the movant resulting from a denial of relief; (3) whether granting the relief will cause even greater harm to the non-moving party; and (4) whether the relief is in the public interest. *See N.J. Retail Merchs. Ass'n. v. Sidamon–Eristoff*, 669 F.3d 374, 385 (3d Cir. 2012).

## II. Discussion

Based on the above four (4) factors, I will grant Plaintiff Harris' request for a preliminary injunction. At the hearing held on January 30, 2015, argument focused on factor (1), whether Plaintiff is likely to succeed on the merits in this matter. Specifically, argument focused on whether the program at issue, Therapeutic Community ("TC") contains religious components, and whether prison officials attempted to coerce Plaintiff into attending.

**A. Religious Components of the Program at Issue**

A main dispute between the parties is whether the program at issue, TC, contains religious components. At the hearing, the government argued that TC is not religious, while the Plaintiff asserted that it is, as operated at State Correctional Institution-Smithfield ("SCI-Smithfield"), where he is incarcerated. "The government violates the First Amendment's Establishment Clause when it requires a prisoner to participate in a drug or alcohol rehabilitation with a religious component." *Bobko v. Lavan*, 157 F. App'x 516, 518 (3d Cir. 2005).

While the program is not religious in name, religious elements are pervasive. Defense witness Shawn Kephart, the director of the Pennsylvania Department of Corrections' Bureau of Treatment Services, testified at the hearing that he agreed that Alcoholics Anonymous ("AA") and Narcotics Anonymous ("NA") are religiously-oriented treatment programs. Elements of both programs are heavily incorporated into the TC program. Plaintiff testified that every inmate in TC is given a copy of the AA/NA book, which contains extensive references to God and a higher power. Furthermore, AA/NA posters are omnipresent on the walls of the communal living area in the TC, and religious prayers occur directly outside of prisoners' living spaces. Counselors regularly refer to the teachings of AA and NA. Every morning, inmates in TC are required to attend a community meeting, where each day an

inmate is selected to read a passage from a book called *Twenty-Four Hours a Day*. The book, which is closely associated with AA and NA, contains a reading for each date of the year. Many of the passages contain references to God and a higher power.

Upon consideration of the hearing and Plaintiff's Motion, Plaintiff has proven that the program at issue contains religious components. Elements of AA, NA, and other religious counseling pervade the TC program as operated at SCI-Smithfield.

## B. Was Plaintiff Required to Attend?

Defendants argue that Plaintiff was not *required* to attend TC. Plaintiff maintains that the prison's actions amounted to an attempt to require Plaintiff to attend TC. At the hearing, Plaintiff stated, and Defendants did not dispute, that Plaintiff was transferred to a higher security area of the prison because he refused to participate in TC. Also as a result of his refusal to participate in TC, his parole eligibility and his efforts to transfer to a facility closer to his family were potentially adversely affected. Even if such counseling is voluntary in name, it violates the First Amendment if an inmate suffers adverse affects for not attending, including a higher security risk rating or parole eligibility. *Kerr v. Farrey,* 95 F.3d 472 (7th Cir. 1996). If counseling is not required, but grants favorable treatment, this constitutes coercion. *Jackson v. Nixon*, 747 F.3d 537, 539 (8th Cir. 2014). Prison officials' treatment of Plaintiff Harris in this instance suggests a requirement to attend. Thus, it appears likely that Plaintiff will succeed on the merits: as applied to a prisoner who is an atheist and does not wish to be a part of TC for reasons of religious freedom, the prison's actions violate the Establishment Clause of the First Amendment.

## C. Other Factors

Factors (2), (3), and (4) favor the issuance of a Preliminary Injunction. With respect to the second factor, the Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976) (citing *New York Times Co. v. United States*, 403 U.S. 713 (1971)). With respect to the third factor, "[I]t is always in the public interest to

3

prevent the violation of a party's constitutional rights." *Buck v. Stankovic*, 485 F. Supp. 2d 576, 586-87 (M.D. Pa. 2007) (quoting *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) (citing *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383 (1979)). It is in the public interest to require government employees to uphold the Establishment Clause, and prohibit them from penalizing citizens for refusing to participate in religious activities. With respect to factor (4), the defendants will not suffer even greater harm as a result of the requested relief.

Taking into account all four (4) factors, I am persuaded that Plaintiff is entitled to a Preliminary Injunction pursuant to F.R.C.P. 65.

**NOW**, this 6th day of February, 2015, after a hearing conducted before me on January 30, 2015, and upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for a Preliminary Injunction (Doc. 6) is **GRANTED.**

(2) Pursuant to Fed. R. Civ. P. 65(a), a Preliminary Injunction shall issue immediately. The reasons therefor are discussed above.

(3) Defendants, their successors in office, agents, and employees are enjoined from attempting to coerce Plaintiff's attendance at alcohol and drug treatment counseling with a religious component, including "Therapeutic Community" counseling, and may not take adverse actions against Plaintiff for not attending such counseling. Defendants may require that Plaintiff attend some form of drug and alcohol counseling, and must make available counseling without a religious component should they require counseling.

(4) Plaintiff shall not be required to give security.

(5) This Preliminary Injunction shall remain in effect until further order of court.

       /s/ A. Richard Caputo  
       A. Richard Caputo  
       United States District Judge